1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10
                          ----oo0oo----
11

12  DANIEL W. FAERFERS and KATJA
    FAERFERS,
13                                        NO. CIV. S 04-2690 MCE PAN
            Plaintiffs,
14                                        MEMORANDUM AND ORDER
        v.
15
    CAVIAR CREATOR, INC., a Nevada
16  corporation, individually and
    as successor to CAVIAR
17  CREATOR, INC., an Oregon
    corporation,
18
            Defendants.
19
    _____
20
    CAVIAR CREATOR, INC., a
21  Nevada corporation,

22          Counterclaimant/
            Cross-Complainant,
23
    v.
24
25  DANIEL W. FAERFERS, an
    individual; KATJA FAERFERS,
26  an individual; SINCLAIR WILSON,
    an unknown business entity;
27
            Counter-defendants/
28          Cross-defendants.

                            1

Through the present action Caviar Creator, Inc. ("Caviar") has moved for leave to add a third party, Sinclair Wilson ("Sinclair"), to this action.  Sinclair has concurrently filed a motion to strike all Caviar's claims against it.  For the reasons set forth below, Caviar's motion for leave to add a third party is granted and Sinclair's motion to strike is denied.

**BACKGROUND**

This action arises out of a settlement agreement ("Agreement") entered into by the Parties that was intended to settle a previously filed lawsuit.  All Parties vigorously maintain that the opposing Parties have breached that Agreement giving rise to this action.

The Faerfers initially filed this action against Caviar alleging breach of contract, fraud and seeking declaratory relief.  Caviar counter-claimed against the Faerfers likewise alleging breach of contract and seeking declaratory relief.  In that same responsive pleading, Caviar cross-claimed against Sinclair but failed to seek leave to add a third party in violation of this Court's pretrial scheduling order ("Order") giving rise to these concurrent motions.

**STANDARD**

The Court is normally required to enter a pretrial scheduling order within 120 days of the filing of the complaint. Fed. R. Civ. P. 16(b).  The scheduling order "controls the

1  subsequent course of the action" unless modified by the Court.
2  Fed. R. Civ. P. 16(e).  Orders entered before the final pretrial
3  conference may be modified upon a showing of "good cause," Fed.
4  R. Civ. P. 16(b), but orders "following a final pretrial
5  conference shall be modified only to prevent manifest injustice."
6  Fed. R. Civ. P. 16(e).

7       Rule 16(b)'s "good cause" standard primarily considers the
8  diligence of the party seeking the amendment.  Johnson v. Mammoth
9  Recreations, 975 F.2d 604, 609 (9th Cir. 1992).  The district
10 court may modify the pretrial schedule "if it cannot reasonably
11 be met despite the diligence of the party seeking the extension."
12 Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment);
13 Id.  Moreover, carelessness is not compatible with a finding of
14 diligence and offers no reason for a grant of relief.  Id.
15 Although the existence or degree of prejudice to the party
16 opposing the modification might supply additional reasons to deny
17 a motion, the focus of the inquiry is upon the moving party's
18 reasons for seeking modification.  If that party was not
19 diligent, the inquiry should end.  Id.

20

21                              **ANALYSIS**

22

23 **1.   Joinder**

24      As noted above, Caviar Creator has filed a motion for leave
25 to add Sinclair to this action.  Sinclair opposes Caviar's motion
26 on the ground that it is not a party to the Agreement and,
27 therefore, is not a proper party to this action.

28      Under Federal Rule of Civil Procedure 20, joinder is proper

                                     3

1  if (1) the plaintiffs asserted a right to relief arising out of

2  the same transaction and occurrence and (2) some question of law

3  or fact common to all the plaintiffs will arise in the action.

4  See Fed. R. Civ. P. 20(a); Desert Empire Bank v. Ins. Co. of N.

5  Am., 623 F.2d 1371, 1375 (9th Cir. 1980).  Even once these

6  requirements are met, a district court must examine whether

7  permissive joinder would comport with the principles of

8  fundamental fairness or would result in prejudice to either side.

9  Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296 (9th Cir.

10  2000)(citations and quotations omitted).

11      Caviar's asserted right to relief in this action arises out

12  of the Agreement executed primarily between the Faerfers and

13  Caviar.  Sinclair's involvement arises through one of its former

14  employees, Cris Vaughan.  At the time the Agreement was executed,

15  Vaughan was employed by Sinclair and was attorney of record for

16  Daniel Faerfer.  Significantly, Paragraph two of the Agreement

17  names Sinclair as well as Vaughan.[1]  In addition, the signatory

18  page contains the following legend:

19      APPROVED AS TO FORM AND TERMS OF PARAGRAPH 2:
        Sinclair Wilson
20

21      By /s/ Cris Vaughan
        Attorneys for Daniel Faerfers
22

23  Decl. of M. MacDonald, Exh. A., P. 18.

24      In light of the foregoing, it is clear that Caviar's

25  asserted right to relief arises out of a transaction common to

26      [1]The Parties dispute whether Sinclair was, in fact, bound to
    perform any duties under the Agreement.  Specifically, Sinclair
27  urges that Vaughan entered into the Agreement in his individual
    capacity.  Caviar contends that Vaughan was acting as Sinclair's
28  agent obligating it under the Agreement.

4

1   all Parties, namely, the performance of the Agreement.

2   Similarly, the issue of whether Sinclair was bound under the

3   Agreement and, if so, whether it properly performed its duties

4   thereunder are factual questions common to all Parties.

5   Accordingly, the Court is satisfied that Sinclair is a proper

6   party to this action.

7          A finding that Sinclair is a proper party does not end the

8   inquiry.  Courts must also ascertain whether joining a party

9   comports with fundamental fairness or would result in prejudice

10  to either side.  Considering the scope of Caviar's claim as a

11  whole, the Court finds that fairness will be best served by

12  permitting Caviar to bring its case concurrently against the

13  Faerfers and Sinclair rather than forcing it to seek redress from

14  each independently.  In addition, the Court sees no injustice or

15  prejudice that would result from permitting Caviar to join

16  Sinclair at this early stage of the litigation.  As noted above,

17  discovery is in its initial stages and Sinclair will have ample

18  opportunity to prepare its case.  Accordingly, the Court finds

19  that the elements of joinder are satisfactorily met.

20

21  **2.  Amendment of Pretrial Scheduling Order**

22

23         Sinclair avers that Caviar's motion for leave should be

24  denied because Caviar violated this Court's Order by adding

25  Sinclair without first seeking leave as required.  Caviar replies

26  that good cause exists for its failure to properly seek leave

27  before adding Sinclair.  Specifically, Caviar contends that the

28  following facts establish good cause: 1) the cross complaint

5

1   naming Sinclair was Caviar's first responsive pleading and first
2   opportunity to name a cross defendant; 2) Caviar disclosed that
3   it intended to name a third party in the Parties' Joint Status
4   Report; and 3) discovery is in its initial stages so that adding
5   Sinclair will not prejudice any party.

6       As discussed above, the focus in determining whether to
7   permit a modification of a pretrial scheduling order is the
8   diligence of the party seeking the amendment.  It is important to
9   note at the outset that this case has had an unusual procedural
10  progression.  The case was filed and, prior to any responsive
11  pleadings, three motions to dismiss were filed and adjudicated.
12  It was only then that this Court issued its pretrial scheduling
13  order.  Thereafter, Caviar filed its first responsive pleading
14  improperly naming Sinclair as a party.  Caviar became aware of
15  its error on Friday, August 26, 2005, when Sinclair filed its
16  motion to strike.  By Monday, August 29, 2005, Caviar had filed
17  the appropriate motion for leave to add a third party.  The
18  foregoing facts clearly demonstrate Caviar's diligence in
19  pursuing this action.  While Caviar failed to seek leave as
20  required, permitting Caviar to correct its mistake will not
21  result in any prejudice to Sinclair and will, instead, serve to
22  effect judicial economy.

23      The Court finds that Caviar was sufficiently diligent in
24  pursuing its claims and Sinclair will suffer no prejudice by
25  being added at this early stage of litigation. Accordingly,
26  Caviar's motion for leave to add a third party is granted.
27  //
28  //

**3.  Sinclair's Motion to Strike**

     Sinclair's motion to strike is based entirely on its argument that it is not a proper party to this action.  As set forth in detail above, the Court has concluded that Sinclair is properly a party and will suffer no injustice by being joined in the present action.  Accordingly, Sinclair's motion to strike is denied.

**CONCLUSION**

     Because Caviar has satisfied its burden of showing good cause and judicial economy warrants, Caviar's motion for leave to add a third party is hereby GRANTED and Sinclair's motion to strike is hereby DENIED.

IT IS SO ORDERED.

DATED: October 27, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE