1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  EASTERN DISTRICT OF CALIFORNIA
10
11 DANIEL W. FAERFERS and
   KATJA FAERFERS,                      No. 2:04-cv-02690-MCE-EFB
12
            Plaintiffs,
13
        v.                              MEMORANDUM AND ORDER
14
   CAVIAR CREATOR, INC., a
15 Nevada Corporation,
   individually and as
16 successor to CAVIAR CREATOR,
   INC., an Oregon corporation,
17
            Defendants.
18
   _____/
19
   AND RELATED COUNTERCLAIMS
20 _____/
21
                         ----oo0oo----
22
23      Presently before the Court is the Bill of Costs filed by
24 Defendant and Counterclaimant Caviar Creator, Inc. ("Caviar
25 Creator") at the time of the December 3, 2007 prove-up hearing to
26 determine the damages Caviar Creator was entitled from Plaintiffs
27 and Cross Defendants Daniel W. Faerfers and Katja Faerfers
28 ("Faerfers").

                                 1

Also present for resolution are the amount of sanctions requested by Caviar Creator in accordance with the Court's May 10, 2007 directive that Faerfers pay, as a sanction, fees and expenses expended by Caviar Creators as a result of the scheduled May 9, 2007 jury trial in this matter.  That trial had to be cancelled, after a jury was empaneled, because Faerfers failed to disclose critical new information about the transfer of Caviar Creator stock which fundamentally changed the complexion of the case and necessitated a trial continuance.  As will be demonstrated, Caviar Creators is entitled to recover attorney's fees and costs, pursuant to the Bill of Costs, in the amount of $465,974.25. Additional sanctions of $45,866.39 against Faerfers will also be imposed.

**BACKGROUND**

This action arises out of a settlement agreement entered into between Caviar Creator and Faerfers.  Pursuant to the terms of that settlement, Caviar Creator agreed to make certain payments and to transfer 442,396 shares in a third company, UFT, to Faerfers.  Faerfers' original complaint requested the transfer of that stock along with unpaid settlement monies from Caviar Creator.  By way of counterclaim, Caviar Creators in turn argued that because of various breaches of the settlement agreement triggering its right to liquidated damages, Faerfers was entitled to damages exceeding the amount of any unpaid settlement funds and the value of the UFT stock.

///

2

1   As indicated above, the case proceeded to trial on May 9,
2   2007 and a jury was empaneled.  Only after jury selection was
3   complete did counsel for Faerfers advise the Court that he had
4   discovered that the stock at issue had in fact been improperly
5   transferred to Faerfers months before.  Faerfers' counsel
6   indicated for the first time (again, *after* the jury was
7   empaneled) he was not prepared to proceed to trial in the wake of
8   this information.  Under the circumstances, on May 10, 2007, the
9   Court granted the request to continue the trial. The Court also
10  announced its intent to issue sanctions against Faerfers for its
11  deliberate failure to timely disclose the critical fact that a
12  stock transfer had in fact already occurred.  Those sanctions
13  were intended to compensate Caviar Creator for having to incur
14  needless expense, in the form of trial preparation and witness
15  costs, due to Faerfers' nondisclosure.

16  On May 15, 2007, counsel for Caviar Creator requested
17  $98,449.00 in such sanctions, which was increased to $99,132.57
18  by way of supplemental application for costs filed May 21, 2007.
19  By Minute Order dated August 9, 2007, the Court determined that
20  the sanctions to be awarded in favor of Caviar Creator would be
21  held in abeyance pending completion of the case in its entirety.

22  Caviar Creator moved for terminating sanctions on
23  November 16, 2007, due to Faerfers' failure to comply with court
24  orders requiring Faerfers to transfer the UFT stock at issue,
25  both from this Court and from courts in Germany (Mr. and
26  Mrs. Faerfers are German residents, and the stock transfer was
27  initiated by a German trustee).
28  ///

1 | Caviar Creator requested both that Faerfers' Complaint in the
2 | case in chief be stricken, and that an order be issued striking
3 | Faerfers' Answer to Caviar Creator's Counterclaim.

4 | On November 16, 2007, Caviar Creator's Motion for
5 | Terminating Sanctions was granted.  Thereafter, because Faerfers'
6 | own action was dismissed and because Faerfers was no longer a
7 | party to Caviar Creator's Counterclaim, Caviar Creator withdrew
8 | its request for a jury trial and the matter proceeded to an
9 | uncontested "prove-up" hearing to determine the amount of damages
10 | Caviar Creator was entitled.  Following submission of the
11 | evidence adduced at the prove-up hearing on December 3, 2007, the
12 | Court announced its intent to award the $477,954.00 in damages
13 | established by Caviar Creator during the course of the hearing.
14 | Because the Court had only just been presented with Caviar
15 | Creator's Bill of Costs at the time of the hearing, it took the
16 | disposition of that costs request under submission.  This
17 | Memorandum and Order addresses the entirety of Caviar Creator's
18 | requests for costs, attorney's fees, and sanctions, and explains
19 | the basis of the Judgment entered concurrently herewith.

20 |

21 | **STANDARD**
22 | **A.  Costs**
23 |

24 | Under Federal Rule of Civil Procedure 54(d), the prevailing
25 | party in a lawsuit may recover its costs "unless the court
26 | otherwise directs".  As this language suggests, the ultimate
27 | decision on whether to award costs is a matter within the court's
28 | discretion.

4

1 Ass'n of Mexican-American Educators v. State of Calif., 231 F.3d
2 572, 591-92 (9th Cir. 2000).  If the Court declines to award
3 costs as requested by the prevailing party, however, it should
4 specify its reasons for doing so.  Berkla v. Corel Corp., 302
5 F.3d 909, 921 (9th Cir. 2002).  Claims for cost items not
6 properly documented will generally not be allowed.  English v.
7 Colorado Dept. Of Corrections, 248 F.3d 1002, 1013 (10th Cir.
8 2001).

9

10    **B.  Attorney's Fees**

11

12    Under the so-called "American Rule", attorney's fees are not
13 generally taxable as costs against the losing party; nor are they
14 directly recoverable as an element of damages.  See Hensley v.
15 Eckerhart, 461 U.S. 424, 429; Fogerty v. Fantasy, Inc., 410 U.S.
16 517, 533 (1994).  The American Rule gives way, however, where a
17 party has sued under a contract that includes a valid agreement
18 for a fee award to the prevailing party.  First Nationwide Bank
19 v. Summer House Joint Venture, 902 F.2d 1197, 1199 (5th Cir.
20 1990); Linc Finance Corp. v. Onwuteaka, 129 F.3d 917, 924 (7th
21 Cir. 1997); Crowley Am. Transport, Inc. V. Richard Sewing Machine
22 Co., 172 F.3d 781, 785 (11th Cir. 1999).  The court can still
23 refuse to enforce a contractual attorney's fee provision where a
24 fee award would be "inequitable and unreasonable".  Anderson v.
25 Melwani, 179 F.3d 763, 766 (9th Cir. 1999).  Like a denial of
26 costs, though, if the court denies fees on that basis it must
27 explain its reasons for doing so.  Id.
28 ///

1    **C.  Sanctions**

2

3        Courts possess the inherent power to assess a variety of

4    sanctions, including money damages and dismissal, where necessary

5    "to impose order, respect, decorum, silence and compliance with

6    lawful mandates.  <u>Hymes v. United States</u>, 993 F.2d 701, 702 (9th

7    Cir. 1993).

8

9                              **ANALYSIS**

10   **A.  Costs**

11

12       Faerfers does not dispute Caviar Creator's entitlement to

13   costs, as the prevailing party in this litigation.  Faerfers'

14   counsel does take issue with certain portions of Caviar Creator's

15   cost ledger as not being properly recoverable either under Rule

16   of Civil Procedure 54(d)(1) or 28 U.S.C. 1920, which specify

17   specific categories of allowable costs.  As counsel for Caviar

18   Creator points out, however, most of the items Faerfers objects

19   to, while included within the ledger as a whole, are nonetheless

20   not claimed as costs.  The five areas of costs that are requested

21   by Caviar Creator (for court fees, fees for service of summons

22   and subpoena, court reporter fees, witness fees, and fees for

23   interpreters) are specifically allowable under the applicable

24   rules.

25   ///

26   ///

27   ///

28   ///

Having examined the costs sought as well as the underlying
documentation submitted in support thereof, the Court concludes
that the costs requested in the above-enumerated areas are
properly compensable, and accordingly taxes costs in the amount
of $32,151.25 as requested in the Bill of Costs.  While it
recognizes that Faerfers contends that certain court reporter
fees were not "reasonably necessary for trial" and hence not
taxable under the reasoning of <u>Evanow v. M/V Neptune</u>, 163 F.3d
1108, 1118 (9th Cir. 1998), it is not persuaded by Faerfers'
argument in that regard given counsel for Caviar Creator's
representation that all the depositions at issue were in fact
necessary for trial.  (Reply, 2:5-7).  In addition, the Court
believes that the $495.00 claimed as fees for service of process
has also been properly documented.

**B.  Attorney's Fees**

In addition to claiming taxable costs as discussed above,
Caviar Creator's Bill of Costs also includes reimbursement for
its attorney's fees expended in this action.  Although obviously
not synonymous with costs, Caviar Creator requests its legal fees
on grounds that the operative Settlement Agreement between the
parties, the breach of which spawned this lawsuit, specifies that
the prevailing party in any litigation arising from the Agreement
is entitled to both reasonable attorney's fees and costs.
Paragraph 30 of the Agreement states in pertinent part as
follows:
///

"If either of the parties institutes or is required to
defend a legal proceeding, action or motion to enforce
or interpret the terms of this Mutual Release and
Settlement Agreement, the prevailing party shall be
entitled to recover all litigation costs and expenses,
specifically including but not limited to, reasonable
attorney's fees and costs incurred in such legal
proceeding, action or motion."

September 2004 Mutual Release and Settlement Agreement, Pls.'

Ex. 2 at Prove-Up Hearing of December 3, 2007.

As indicated above, attorney's fees may properly be awarded

pursuant to a valid agreement for attorney's fees.  While

Faerfers does claim that there is no fee shifting statute that

would allow costs incurred as attorney's fees, the basis for

imposing attorney's fees here is contractual as opposed to

statutory, and Faerfers does not attempt to argue that the fee

provision contained in the Settlement Agreement is unenforceable.

Instead, he simply contends that the hours claimed are excessive

and/or unwarranted and that the billable rate claimed is

unreasonable.

Turning first to the extent of attorney's fees claimed, the

Court is disinclined in the first instance to second-guess the

amount of time required by Caviar Creator to litigate this case.

That being said, the Court's examination of the time records

submitted by counsel for Caviar Creator does not cause it to

conclude that the time expended it out of line for a case of this

complexity and magnitude.

///

///

///

///

8

In addition, while Faerfers argues that fees attributable to a counterclaim submitted against both Faerfers and Sinclair Wilson should be reduced as against Faerfers commensurate with Sinclair Wilson's involvement, counsel for Caviar Creators argues convincingly that the issues raised by the Counterclaim were identical irrespective of Sinclair Wilson's involvement, and so inextricably intertwined in any event that apportionment of the fees would be impossible.

While the Court consequently approves the amount of hours expended in representing Caviar Creator, in order to establish a reasonable attorney's fee an appropriate hourly rate must also be established. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 429 (1983). In determining a reasonable hourly rate, the court considers the experience, skill, and reputation of the attorney requesting fees. <u>See</u> <u>Chalmers v. City of Los Angeles</u>, 796 F.2d 1205, 1210 (9th Cir. 1985). The court is also guided by the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." <u>Blum v. Stenson</u>, 465 U.S. 886, 895 (1984). The party seeking recovery has the burden of proof in establishing such prevailing rate. <u>Jordan v. Multnomah Co.</u>, 815 F.2d 1258, 1263 (9th Cir. 1987).

Here, the lead attorney representing Caviar Creator, Eileen Diepenbrock, has charged an increasing hourly rate during her lengthy involvement in this case, which began in December of 2004. Most recently, she has billed $340.00/hour.

///

///

///

Several other shareholders in the Diepenbrock Harrison firm (Keith McBride, Gene Cheever and Susan Kirkgaard), who were consulted on specific issues within their areas of expertise in this multi-faceted case, billed as much as $365.00/hour.

In addition to the shareholders, a number of associates also worked on the case, charging hourly rates of between $185.00 and $300.00.  Finally, paralegal and law clerk time was billed at rates between $105.00 and $130.00 (for paralegals Laurie Birney, Shannon Cappanelli, Jenna McGuire and Joshua Gillespie) and $140.00 and $180.00 (for law clerks Adam Arant and Mark Peterson).

Although counsel for Caviar Creator has correctly pointed out that this case gave rise to complex procedural and conflict of laws analyses involving issues of Nevada law, German parties and documents, and both federal and international procedure in substantive areas ranging from corporate, contract and tort law, aside from requesting its prevailing fees counsel has failed to establish that those fees adequately represent those prevailing in the Sacramento community.  In addition, this Court is unaware of fee requests in excess of $325.00 being approved as reasonable within the Sacramento Division of the Eastern District of California.  By Memorandum and Order dated December 14, 2007, Judge Shubb approved a maximum rate of $325.00/hour in a complex environmental case involving the Endangered Species Act, 16 U.S.C. §§ 1531-1540.  <u>Home Builders Ass'n of N. Cal. v. Kempthorn</u>, 2007 WL 4374047 (E.D. Cal. 2007).

///

///

In 2005, this Court approved $300.00 as a reasonable and appropriate hourly rate in litigation involving farm worker wage and employment issues.  See Velasquez v. Khan, 2005 WL 2397058 (E.D. Cal. 2005).

Given the foregoing, the Court limits the reasonable hourly rate of the shareholder attorneys at $325.00.  Similarly, the hourly rate for associate attorneys working on the case is subject to a ceiling of $275.00 per hour, which the Court believes to be the reasonable hourly rate for such attorneys.  In Home Builders, a junior attorney was found to be entitled to an hourly rate in that amount.  Home Builders, 2007 WL 4374047 at *4.

As a final matter involving fee recovery in this matter, the Court looks at the fees claimed by counsel for Caviar Creator for paralegals and law clerks.   Attorney's fees may properly include compensation for paralegals.  Missouri v. Jenkins, 491 U.S. 274, 285 (1989).  Since the Ninth Circuit has extended compensable time to all those "whose labor contributes to work product for which an attorney bills her client" (Trustees of the Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co., 460 F.3d 1253, 1256-57 (9th Cir. 2006), the costs of law clerks may also be included, so long as it is customary to bill such work separately.  Id. at 1257.

Here, Faerfers' only stated objection to paralegal, and presumably law clerk charges, are that the hourly rates claimed are excessive.  As indicated above, Caviar Creator includes charges for paralegal time as much as $130.00 per hour.  Law clerk billing rates, at up to $180.00 hourly, are even higher.

11

1    These rates cannot be deemed reasonable.   In a May 2007
2    decision, Judge Levi found the paralegal rate "favored in this
3    district" to be $75.00.   <u>Robinson v. Chand</u>, 2007 WL 1300450 at *2
4    (E.D. Cal. 2007).   This Court agrees with that conclusion and
5    accordingly will limit paralegal fees to $75.00 in this case.
6    Because there is reason why a law clerk should be billed at a
7    higher rate, the Court will limit compensation for time billed by
8    law clerks to $75.00, as well.

9    Although the Court concludes that the hours expended by the
10   Diepenbrock Harrison firm are compensable to the extent
11   enumerated above, that same conclusion does not hold true for
12   fees claimed for legal work done by two different German
13   attorneys, Dr. Hartwig Schroer and George Heinrich Pott.   Those
14   additional fees are attributable to the fact that Caviar Creator
15   chose to do business with German interests and should properly be
16   regarded as a cost of doing foreign business rather than
17   additional fees that can reasonably be levied pursuant to a
18   Settlement Agreement executed in the United States.

19   After reducing the attorney's fees to redact amounts charged
20   by German counsel and to lessen certain hourly rates as indicated
21   above, total attorney's fees will be awarded in the amount of
22   $433,823.50.

23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

12

## C.  Sanctions

As stated above, trial had to be continued in this matter on May 10, 2007, at a point in time after a jury had already been empaneled, due to Faerfers' failure to disclose that the stock which figured prominently in their Complaint had already in fact been transferred.  The Court made it clear, when granting the continuance, that sanctions would be imposed against Faerfers in an amount intended to compensate Caviar Creators for costs needlessly incurred in connection with the aborted trial.   The $99,132.57 in such costs ultimately requested by Caviar Creator included some $45,042.50 in attorney's fees incurred in preparing for the trial.

The Court has already awarded attorney's fees in accordance with the parties' Settlement Agreement as stated above, and that amount includes the partial attorney's fee figure previously requested as a sanction.  That leaves remaining costs sought of $54,090.07, less translation fees in the amount of $8,223.68 which were ultimately either not billed or included within the costs taxed by the Court in accordance with Federal Rule of Civil Procedure 54(d)(1) as enumerated above.  Total remaining costs sought as a sanction by Caviar Creator are therefore $45,866.39.

///
///
///
///
///
///

13

1    While Faerfers objects to this figure to the extent it

2 includes witness costs deemed to be excessive, upon examination

3 of the claimed costs the Court does not agree.  Nor does the

4 Court agree that trial presentation expenses[1] incurred in hiring

5 a consultant, Esquire Litigation Solutions, were unreasonable.

6 Similarly, the retention of Trial Science to assist counsel for

7 Caviar Creators in jury selection for the May 2007 trial was also

8 a reasonable expense that became useless after the trial had to

9 be continued after Faerfers' failure to disclose information

10 crucial to the scope of the trial.  Finally, given Caviar

11 Creator's representation that Siegfried Besemer was retained to

12 provide consulting services related to the anticipated

13 impeachment of Daniel Faerfers, the cost of his services, which

14 were ultimately unnecessary given the continuance of the trial,

15 should also be borne by Faerfers as a sanction.

16    Sanctions in accordance with the Court's May 10, 2007

17 directive, made at the time trial had to be continued, are

18 consequently set at $45,866.39.

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26
27    [1] The services Esquire provided included, according to
paragraph 2 of Eileen Diepenbrock's December 19, 2007
28 Declaration, the preparation of exhibits and deposition testimony
in electronic format for trial presentation.

**CONCLUSION**

Based on the foregoing, attorney's fees and costs in the amount of $465,974.75 are assessed against Faerfers and in favor of Caviar Creator.  In addition, sanctions are awarded in the amount of $45,866.39, to be paid by Faerfers to Caviar Creator. Along with damages in the amount of $477,954.00, as established by Caviar Creator at the time of the December 3, 2007 prove-up hearing, both these amounts will be incorporated within the Court's Judgment filed concurrently with this Memorandum and Order.

IT IS SO ORDERED.

Dated: May 1, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

15